UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV597 JCH |
| ) | |
| SM&JH, LLC, and STEPHEN C. MURPHY, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Affirmative Defenses, filed on June 5, 2012. ("Motion to Strike," ECF No. 12). While Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Strike Affirmative Defenses ("Memo in Opposition," ECF No. 18), Plaintiff has not filed a Reply to Defendants' Memo in Opposition. Since the time for filing a Reply has passed, the Court will rule on the record before it. See Local Rule 7-4.01(C).

**BACKGROUND**[1]

Plaintiff PNC Bank, National Association ("Plaintiff" or "PNC") is the holder of a promissory note in the principal amount of $1,800,000.00 ("the Note") that was executed by Defendant SM&JH, LLC ("SM&JH") on January 27, 2007. (Complaint, ¶¶ 1, 5, 10). Defendant Murphy is the surviving member of SM&JH. (Id., ¶ 4). The Note is secured by, among other things, a Deed of Trust and an Assignment of Leases and Rents ("the Assignment") on property at 3553 Rider Trail, Earth City, Missouri 63144 ("Rider Trail Property"). (Id., ¶ 11). On April 16, 2009, SM&JH executed and

---

[1] The facts in the Court's background section are taken directly from Plaintiff's Complaint (ECF No. 1). Defendants have filed an Answer disputing several of these facts.

delivered to PNC a Forbearance Agreement. (Id.). Plaintiff attached the Note, the Deed of Trust, the Assignment, and the Forbearance Agreement to its Complaint.

The Note is in default as a result of, among other things, the failure to pay the loan balance on the maturity date and the failure to pay the 2011 real estate taxes on the Rider Trail Property. (Id., ¶ 13). On March 6, 2012, PNC, by and through its counsel, made demand upon SM&JH for full payment under the Note. (Id., ¶ 14). Plaintiff also attached this demand letter to its Complaint. As of March 28, 2012, the outstanding principal balance on the Note was $1,468,479.88, plus accrued and unpaid interest of $1,478,620.36. (Id., ¶ 16). Interest accrues on the principal balance at the rate of $291.35 per diem. (Id.).

Plaintiff filed this action in this Court on April 2, 2012, on the basis of diversity jurisdiction. Plaintiff's Complaint contains three counts: Count I, "Suit on Promissory Note Against Defendant SM&JH;" Count II, "Appointment of Receiver for Rider Trial Property;" and Count III, "Suit on Guaranty against Stephen C. Murphy." Defendants' Answer contains the following six affirmative defenses:

- Plaintiff's Complaint fails to state any claims upon which relief can be granted.

- Plaintiff's claims are barred by Plaintiff's failure to fulfill its obligations of good faith, diligence, reasonableness, and care.

- Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

- Plaintiff's claims in Count III are barred by lack of consideration.

- Plaintiff's claims are barred by equitable estoppel and recoupment.

(Answer, ECF No. 9, ¶¶ 34-39). Plaintiff's Motion to Strike argues all six of Defendants' affirmative defenses should be stricken.

## **STANDARD**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2] FED. R. CIV. P. 12(f). "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." Simms, 2009 WL 943552 at *2 (internal citation omitted). "Although the Court enjoys 'broad discretion' in determining whether to strike a party's pleadings, such an action is 'an extreme measure.'" Airstructures Worldwide, LTD v. Air Structures Am. Techs. Inc., No. 4:09CV10, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009) (quoting Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)).

"A motion to strike should 'be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" Bartoe v. Mo. Barge Line Co., No. 1:07CV165, 2009 WL 1118816, at *1 (E.D.Mo. Apr. 24, 2009) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). "'Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" Champion Bank v. Reg'l Dev., LLC, No. 4:08CV1807, 2009 WL 1351122, at *4 (E.D. Mo. May 13, 2009) (quoting Lunsford, 570 F.2d at 229). Motions to strike affirmative defenses "should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances.'" Champion Bank, 2009 WL 1351122, at *4 (quoting FDIC v. Coble, 720 F. Supp. 748, 750 (E.D.Mo. 1989)); Bobbitt v. Victorian House, Inc.,

---

[2]"These terms have precise meanings under this rule. For example, redundant refers to statements wholly foreign to the issue or that are needlessly repetitive of immaterial allegations. Immaterial claims are those lacking essential or important relationships to the claim for relief. Impertinent claims are those that do not pertain to the issues in question." Simms v. Chase Student Loan Servicing, LLC, No. 4:08CV01480 ERW, 2009 WL 943552, at *2 n.3 (E.D. Mo. Apr. 6, 2009) (internal quotations and citations omitted).

532 F. Supp. 734, 737 (N.D. Ill. 1982) ("Matters labeled affirmative defenses should be stricken only where it is completely certain they have been mistitled.").

## DISCUSSION

As noted above, Plaintiff argues all six of Defendants' affirmative defenses should be stricken.[3] The Court finds that only one of Defendants' affirmative defenses is subject to dismissal based on Plaintiff's motion.

**I.     First Affirmative Defense**

In their first affirmative defense, Defendants state that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  (Answer, ¶ 34).  Defendants have failed to allege any facts to support this legal conclusion.  Furthermore, failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiff's prima facie case.  Lemery v. Duroso, No. 4:09CV167, 2009 WL 1684692, at *3 (E.D. Mo. June 16, 2009) (citing Boldstar Tech., LLC v.

---

[3]Plaintiff argues the pleading requirements from Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), extend to pleadings of affirmative defenses.  This question has not yet been addressed by any court of appeals.  A majority of district courts that have considered the question have extended the Iqbal pleading standards to affirmative defenses when considering a motion to strike while a minority of district courts have rejected applying the heightened pleading standards to affirmative defenses.  Lane v. Page, 272 F.R.D. 581, 589-90, n.5, 6 (D. N.M. 2011) (summarizing the decisions on both sides of the split among district courts); Shaw v. Prudential Ins. Co. of Am., No. 10-03355, 2011 WL 1050004, at *2 (W.D. Mo. Mar. 21, 2011).  Courts deciding to extend the heightened pleading standard generally reason that affirmative defenses share the same notice function motivating heightened pleading standards in Twombly and Iqbal.  See, e.g., Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D.Kan. Dec. 22, 2009).  On the other hand, courts that have rejected this extension of the pleading standard to affirmative defenses note affirmative defenses are pled under Rule 8(c) of the Federal Rules of Civil Procedure, which was not at issue in Iqbal.  See, e.g., Lane, 272 F.R.D. at 591-96.

In this case, the Court finds that its determination would not differ depending on the standard of review employed.  Accordingly, the Court declines to decide whether the pleading requirements of Twombly and Iqbal extend to affirmative defenses.

Home Depot, Inc., 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007)). Therefore, Defendants' first affirmative defense is stricken as legally insufficient.

## II. Remaining Affirmative Defenses

The Court finds the remaining challenged defenses meet the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff has not provided a basis to strike Defendants' remaining affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure, as Plaintiff has not shown that the defenses raised are insufficient, redundant, immaterial, impertinent, or scandalous. See FED.R. CIV. P. 12(f). Plaintiff's allegations, the Note, the Deed of Trust, the Assignment, the Forbearance Agreement, the demand letter, and Defendants' Answer all provide sufficient facts upon which Defendants base their affirmative defenses. Thus, Defendants' remaining five affirmative defenses "present[]...question[s] of law and fact that the court ought to hear." Lunsford, 570 F.2d at 229. Finding that Defendants have adequately alleged their remaining affirmative defenses (Answer, ¶¶ 35-39), the Court will not strike them.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 12) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this 16th day of July, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

- 5 -